RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY  10110
(212) 302-6574

Attorneys for Third-Party Defendant/Fourth-Party Plaintiff
Chicago Title Insurance Company

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. as purchaser of the loans and other assets of WASHINGTON MUTUAL BANK, formerly known as WASHINGTON MUTUAL BANK, FA from the FEDERAL DEPOSIT INSURANCE CORPORATION, acting as receiver for Washington Mutual Bank, FA and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d),<br><br>                      Plaintiff,<br><br>vs.<br><br>LAW OFFICE OF ROBERT JAY GUMENICK, P.C. and ROBERT JAY GUMENICK,<br><br>                      Defendants.<br>_____<br><br>LAW OFFICE OF ROBERT JAY GUMENICK, P.C. and ROBERT JAY GUMENICK,<br><br>                  Third-Party Plaintiffs,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, SUCCESSFUL TITLE AGENCY, LLC, JEROME SHAPIRO and JOSEPH KOHEN,<br><br>                  Third-Party Defendant. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>CIVIL ACTION NO.: 08-cv-2154 (VM)<br><br>HON. VICTOR MARRERO<br><br><br><br><br><br><br><br><br><br>**ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS AND FOURTH-PARTY COMPLAINT OF THIRD-PARTY DEFENDANT CHICAGO TITLE INSURANCE COMPANY** |

| |
|---|
| CHICAGO TITLE INSURANCE COMPANY, |
| Fourth-Party Plaintiff, |
| vs. |
| EMPIRE EQUITY GROUP d/b/a 1st METROPOLITAN MORTGAGE |
| Fourth-Party Defendant. |

Third-Party Defendant Chicago Title Insurance Company ("Chicago Title"), by way of Answer to the Third-Party Complaint of defendants/third-party plaintiffs Law Office of Robert Jay Gumenick, P.C. and Robert J. Gumenick (collectively, "Gumenick") hereby responds as follows:

## THE PARTIES

1. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 1 of the Third-Party Complaint.

2. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 2 of the Third-Party Complaint.

3. Chicago Title is a Nebraska corporation with a principal place of business located in Jacksonville, Florida. Chicago Title is licensed to provide title insurance by the State of New Jersey.

4. Upon information and belief, Chicago Title admits the allegations that are contained in paragraph 4 of the Third-Party Complaint.

5. Upon information and belief, Chicago Title admits the allegations that are contained in paragraph 5 of the Third-Party Complaint.

6. Upon information and belief, Chicago Title admits the allegations that are contained in paragraph 6 of the Third-Party Complaint.

7. Upon information and belief, Chicago Title admits the allegations that are contained in paragraph 7 of the Third-Party Complaint.

8. Upon information and belief, Chicago Title denies the allegations that are contained in paragraph 8 of the Third-Party Complaint.

## JURISDICTION

9. No response is necessary to the allegations that are contained in paragraph 9 of the Third-Party Complaint as said allegations state legal conclusions.

## FIRST CAUSE OF ACTION

10. Chicago Title neither admits nor denies the allegations that are contained in paragraph 10 of the Third-Party Complaint and refers to the First Amended Complaint for the terms thereof.

11. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 11, except that, upon information and belief, Washington Mutual Bank, N.A. ("WaMu") hired defendant/third-party plaintiffs to represent WaMu in connection with a loan that was to be secured by a mortgage on 1001 Norwood Avenue, Long Branch, New Jersey (the "1001 Norwood Loan").

12. Upon information and belief, Chicago Title admits the allegations that are contained in paragraph 12 of the Third-Party Complaint.

13. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 13 of the Third-Party Complaint.

14. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 14 of the Third-Party Complaint.

15. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 15 of the Third-Party Complaint.

16. Chicago Title neither admits nor denies the allegations that are contained in paragraph 16 of the Third-Party Complaint and refers to the public records for the terms thereof.

17. Chicago Title denies the allegations that are contained in paragraph 17 of the Third-Party Complaint.

18. Chicago Title lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are contained in paragraph 18 of the Third-Party Complaint.

19. Chicago Title refers to plaintiff's First Amended Complaint for the terms thereof.

20. Chicago Title was not aware of the subject loan transaction prior to its closing and did not issue a "marked-up title report" that was relied upon by Gumenick. No response is necessary to the remaining allegations that are contained in

paragraph 20 of the Third-Party Complaint as said allegations relate to a party other than Chicago Title.

21. Chicago Title admits only that WaMu had made a title-related claim against Chicago Title in or about 2007. No response is necessary to the remaining allegations that are contained in paragraph 21 of the Third-Party Complaint as said allegations relate to a party other than Chicago Title.

22. Chicago Title neither admits nor denies the allegations that are contained in paragraph 22 of the Third-Party Complaint and refers to the First Amended Complaint for the terms thereof.

23. Chicago Title denies the allegations that are contained in paragraph 23 of the Third-Party Complaint.

24. Chicago Title denies that Gumenick is entitled to contribution and indemnification from Chicago Title.

## SECOND CAUSE OF ACTION

25. No response is necessary to the allegations that are contained in paragraph 25 of the Third-Party Complaint as said allegations relate to a party other than Chicago Title.

26. No response is necessary to the allegations that are contained in paragraph 26 of the Third-Party Complaint as said allegations relate to a party other than Chicago Title.

## THIRD CAUSE OF ACTION

27. Chicago Title denies the allegations that are contained in paragraph 27 of the Third-Party Complaint.

28. Chicago Title denies that third-party plaintiffs are entitled to contribution and/or indemnification from Chicago Title.

WHEREFORE, Third-Party Defendant, Chicago Title Insurance Company demands judgment against the Law Offices of Robert Jay Gumenick, P.C. and Robert Jay Gumenick dismissing the Third-Party Complaint with prejudice, awarding costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1. The Third-Party Complaint fails to state a claim upon which relief may be granted.

2. The Third-Party Complaint is barred because Chicago Title did not owe any duty to third-party plaintiff.

3. The third-party plaintiffs' claim is barred by the absence of privity between Gumenick and Chicago Title.

4. The third-party plaintiffs' claim is barred by the doctrine of unclean hands.

5. The third-party plaintiffs' claim is barred by the doctrine of comparative negligence.

6. The third-party plaintiffs' claim is barred by the doctrine of equitable estoppel.

7. The third-party plaintiffs' claim is barred because Chicago Title is not the proximate cause of any damages suffered by third-party plaintiffs.

8. Any damages suffered by third-party plaintiffs are the result of actions of parties other than Chicago Title.

9. Third-party plaintiffs' claims are barred by their failure to mitigate damages.

10. Third-party plaintiffs' claims are barred to the extent that this Court lacks personal jurisdiction over any of the third-party defendants who are necessary and/or indispensable parties to this action.

11. Venue is improper in this forum.

WHEREFORE, Third-Party Defendant, Chicago Title Insurance Company demands judgment against the Law Offices of Robert Jay Gumenick, P.C. and Robert Jay Gumenick dismissing the Third-Party Complaint with prejudice, awarding costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## CROSS-CLAIMS

Third-party Defendant Chicago Title Insurance Company ("Chicago Title") by way of cross-claims against Successful Title Agency, Inc. ("Successful"), Jerome Shapiro ("Mr. Shapiro") and Joseph Kohen ("Mr. Kohen") allege as follows:

### FIRST COUNT
(Contractual Indemnification Against Successful)

1. At all relevant times, Successful was a New Jersey corporation with a principal place of business located at 809 River Avenue, Lakewood, New Jersey. Successful was licensed by the State of New Jersey to act as a title insurance broker.

7

2. By agreement (the "Agency Agreement"), Successful agreed to act as a title insurance agent for Chicago Title and to underwrite title insurance that was issued by Chicago Title.

3. The Agency Agreement further provided that Successful would be required to indemnify and hold Chicago Title harmless from any liabilities and expenses that Chicago Title incurred as a result of any negligent actions of Successful.

4. Third-party plaintiffs Robert Gumenick and the Law Offices of Robert Gumenick, P.C. (collectively, "Gumenick") have alleged that Chicago Title and Successful are liable for losses alleged by plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff") as a result of the alleged issuance of a "marked-up title commitment" that purportedly reflected the satisfaction of prior lien on real property located at 1001 Norwood Avenue, Long Branch, New Jersey (the "Norwood Property").

5. Chicago Title denies the allegations of the Third-Party Complaint and further denies that it has any liability to Gumenick. However, Gumenick's allegations seek to impose liability upon Chicago Title based upon the alleged negligent conduct of Successful.

6. Pursuant to the Agency Agreement, Successful has an obligation to indemnify Chicago Title and hold Chicago Title harmless from any liability, loss and/or expense in the above-referenced action.

WHEREFORE, Chicago Title Insurance Company demands judgment against Successful Title Agency, Inc. for indemnification from all losses, liabilities, expenses and attorneys' fees incurred in connection with this action and for such other relief as the Court deems just and proper.

## SECOND COUNT
(Fraud Against Mr. Kohen)

7. Chicago Title repeats the allegations that are contained in paragraphs 1 through 6 of the Cross-Claims and incorporates same as if set forth at length herein.

8. Upon information and belief, Mr. Kohen acted as the mortgage broker in connection with the purported mortgage loan from plaintiff's predecessor WaMu to the purported borrower 1001 Norwood Avenue Associates.

9. Mr. Kohen was employed by fourth-party defendant Empire Equity Group, Inc. d/b/a 1st Metropolitan Mortgage Company ("Empire"). Accordingly, Empire is liable for the actions of Mr. Kohen.

10. Upon information and belief, Mr. Kohen also had a corrupt business arrangement with Solomon Dwek. Mr. Dwek has been arrested for bank fraud. Mr. Kohen has also been indicted for bank fraud for assistance that he provided to Mr. Dwek. Mr. Dwek is presently a debtor in a bankruptcy proceeding entitled <u>In re Solomon Dwek</u>, Case No. 07-11757. The automatic stay prevents Mr. Dwek's joinder in this action.

11. As part of this corrupt business arrangement, Mr. Kohen arranged fraudulent loans for Mr. Dwek, entities with which Mr. Dwek was affiliated and members of Mr. Dwek's family. Mr. Kohen submitted loan documents to a lender and arranged for a closing wherein the lender would wire the proceeds of the closing into an account controlled by Mr. Kohen, such as the attorney-trust account of Jerome Shapiro. Mr. Shapiro had agreed to allow Mr. Kohen to deposit and withdraw funds from his attorney trust account. After the lenders wired the loan proceeds, Mr. Dwek and Mr.

9

Kohen arranged to have the funds transferred to one of Mr. Dwek's accounts rather than using the funds in accordance with the lenders' closing instructions to, among other things, satisfy prior liens on the property that was the subject of the loan.

12. The 1001 Norwood Loan was one of the fictitious loans arranged by Mr. Kohen on behalf of Mr. Dwek.

13. Mr. Kohen forwarded numerous loan documents to WaMu in connection with the application of 1001 Norwood Avenue Associates for a mortgage loan in the amount of $1.8 million.

14. These loan documents represented that 1001 Norwood Associates either owned or would acquire the Norwood Property.

15. The loan documents further represented that proceeds of the loans would be used to satisfy two prior mortgages on the Norwood Property so that WaMu would receive a first mortgage on the Property.

16. In fact, the loan documents prepared by Mr. Kohen contained misrepresentations. Among other things, contrary to the loan documents, 1001 Norwood Avenue Associates had no intention of obtaining title to the Norwood Property.

17. Further, contrary to the loan documents, Mr. Kohen had no intention of using the loan proceeds to pay off the prior two mortgages on the Norwood Property. Instead, upon information and belief, the principal of 1001 Norwood Avenue Associates, Solomon Dwek, intended to create a sham mortgage transaction with the assistance of Mr. Kohen. As part of the transaction, WaMu would disburse the

proceeds of the $1.8 million mortgage loan but would not receive a valid mortgage loan.

18. Upon information and belief, Mr. Kohen knew that the mortgage loan documents that he sent to WaMu contained false representations concerning the acquisition of the Norwood Property and the satisfaction of prior mortgages.

19. Upon information and belief, in or about April 2006, Mr. Kohen appeared at the offices of Successful. He advised Successful, among other things, that Mr. Shapiro would act as closing attorney for the subject mortgage loan and asked Ms. Gerstetner to provide him with documents for the closing.

20. Contrary to Mr. Kohen's representations, Mr. Kohen had not retained Mr. Shapiro to perform the closing of the subject mortgage loan and Mr. Shapiro did not perform the closing.

21. Mr. Kohen knew that his representations about Mr. Shapiro performing the closing of the Norwood Loan were false.

22. Mr. Kohen made these false representations with the intent that Successful would rely upon them.

23. Upon information and belief, Successful relied upon Mr. Kohen's false representations about the closing by releasing loan documents to Mr. Kohen.

24. Third-party plaintiff Gumenick contends that Chicago Title is liable based upon the actions of Successful. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, then Chicago Title will have suffered a loss as a result of the fraudulent representations of Mr. Kohen.

WHEREFORE, Chicago Title Insurance Company demands judgment against Joseph Kohen for damages in the amount of any liability of Chicago Title Insurance Company, punitive damages, interest, costs of suit, including reasonable attorneys' fees and for such other relief as the Court deems just and proper.

### THIRD COUNT
(Negligent Misrepresentation Against Mr. Kohen)

25. Chicago Title repeats the allegations of paragraphs 1 through 24 and incorporates same as if set forth at length herein.

26. As set forth above, the loan documents that Mr. Kohen submitted to WaMu contained false representations concerning acquisition of the Norwood Property and the intent of the borrower to pay off the prior mortgage loans on the Norwood Property.

27. Mr. Kohen further misrepresented to Successful that Mr. Shapiro would perform the closing on the subject loan.

28. Upon information and belief, Mr. Kohen was negligent in making these misrepresentations.

29. Mr. Kohen made these representations with the intent that they be relied upon and they were in fact relied upon.

30. Chicago Title has suffered injury as a result of the misrepresentations made by Mr. Kohen.

WHEREFORE, Chicago Title Insurance Company demands judgment against Joseph Kohen for damages in the amount of any liability of Chicago Title Insurance Company to any party to this action, interest, costs of suit, including reasonable attorneys' fees and for such other relief as the Court deems just and proper.

**FOURTH COUNT**
(Negligence Against Mr. Shapiro)

31. Chicago Title repeats the allegations of paragraphs 1 through 30 and incorporates same as if set forth at length herein.

32. Mr. Shapiro is an attorney at law of the State of New Jersey who maintains an office at 22 Ridge Road, West Long Branch, New Jersey.

33. Upon information and belief, Mr. Shapiro authorized Mr. Kohen and/or Solomon Dwek to use his attorney trust account for the receipt and disbursement of funds.

34. Upon information and belief, Mr. Shapiro did not inquire of either Mr. Kohen or Mr. Dwek about the source of funds that were deposited into his attorney trust account or the disbursement of the funds.

35. Mr. Shapiro's agreement to allow Messrs. Kohen and Dwek to use his attorney trust account and his failure to properly monitor deposits and withdrawals from his attorney trust account constituted negligence.

36. Mr. Shapiro's negligence allowed Messrs. Kohen and Dwek to arrange to have the approximately $1.8 million amount of the loan deposited into his trust account and then withdrawn upon the instruction of Messrs. Kohen and/or Dwek rather than in accordance with the closing instructions issued by WaMu.

37. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, then Chicago Title will have suffered injury as a result of the negligence of Mr. Shapiro.

WHEREFORE, Chicago Title Insurance Company demands judgment against Jerome Shapiro for damages, interest, costs of suit, including reasonable attorneys' fees and for such other relief as the Court deems just and proper.

## FIFTH COUNT
(Conversion Against Messrs. Shapiro and Kohen)

38. Chicago Title repeats the allegations of paragraphs 1 through 37 and incorporates same as if set forth at length herein.

39. The receipt of funds wired by WaMu into Mr. Shapiro's attorney trust account and the subsequent wiring out of the proceeds in a manner contrary to the closing instructions issued by WaMu constitutes a conversion of the loan proceeds.

40. Messrs. Kohen and Shapiro are responsible for the conversion.

41. Chicago Title has been injured by the acts of conversion of Messrs. Kohen and Shapiro.

WHEREFORE, Chicago Title Insurance Company demands judgment against Joseph Kohen and Jerome Shapiro, jointly and severally, for damages, punitive damages, interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## SIXTH COUNT
(Unjust Enrichment Against Messrs. Shapiro and Kohen)

42. Chicago Title repeats the allegations of paragraphs 1 through 41 and incorporates same as if set forth at length herein.

43. Messrs. Shapiro and Kohen have been unjustly enriched as a result of their involvement in the fraudulent mortgage scheme.

44. While Chicago Title denies that it has any liability for the actions alleged in the Third-Party Complaint in the event that Chicago Title is held liable then Messrs. Kohen and Shapiro are liable for unjust enrichment.

WHEREFORE, Chicago Title Insurance Company demands judgment against Jerome Shapiro and Mr. Kohen, jointly and severally, for compensatory damages, interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

### SEVENTH COUNT
(Indemnification Against Successful and Messrs. Kohen and Shapiro)

45. Chicago Title repeats the allegations of paragraphs 1 through 44 and incorporates same as if set forth at length herein.

46. While Chicago Title denies that it is liable to defendant/third-party Gumenick, any liability of Chicago Title is passive, secondary and vicarious to the liability of Successful and Messrs. Kohen and Shapiro.

WHEREFORE, Chicago Title Insurance Company demands judgment against Successful Title Agency, Inc., Joseph Kohen and Jerome Shapiro, jointly and severally, for indemnification in the amount of any liability of Chicago Title, interest, costs of suit, including reasonable attorneys' fees and for such other relief as the Court deems just and proper.

### EIGHTH COUNT
(Contribution Against Successful and Messrs. Shapiro and Kohen)

47. Chicago Title repeats the allegations in paragraphs 1 through 46 and incorporates same as if set forth at length herein.

48. In the event that Chicago Title is liable in this action, Successful and Messrs. Shapiro and Kohen are liable for contribution.

WHEREFORE, Chicago Title Insurance Company demands judgment against Successful Title Agency, Joseph Kohen and Jerome Shapiro, jointly and severally for contribution.

**FOURTH-PARTY COMPLAINT**

Fourth-party plaintiff Chicago Title Insurance Company ("Chicago Title"), by way of Cross-Claim against Empire Equity Group d/b/a 1st Metropolitan Mortgage, Inc. ("Empire") alleges as follows:

1. Chicago Title repeats the allegations of the Cross-Claims and incorporates same as if set forth at length herein.

2. Upon and information and belief, Empire is a New Jersey corporation with a principal place of business located at 25 Phillips Parkway, Montvale, New Jersey. Empire is a licensed mortgage broker.

3. At all relevant times, third-party defendant Mr. Kohen was an employee of Empire.

4. Empire is liable for the actions of Mr. Kohen under the doctrine of respondeat superior.

5. Further, upon information and belief, Empire was negligent in its hiring and supervision of Mr. Kohen.

**FIRST COUNT**
(Negligence Against Empire)

6. Chicago Title repeats the allegations of paragraphs 1 through 5 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

16

7. Empire is liable under the doctrine of respondeat superior for the negligent actions of its employee, Mr. Kohen, in submitting false information to WaMu and Successful and mishandling the proceeds of the WaMu loan.

8. Empire was also negligent in its hiring of Mr. Kohen and its failure to properly supervise Mr. Kohen's actions.

9. Empire's negligent hiring and supervision of Mr. Kohen permitted Mr. Kohen to participate in the scheme concerning the 1001 Norwood Loan.

10. Third-party plaintiff Gumenick alleges that Chicago Title is liable to Gumenick in connection with the 1001 Norwood Loan. Chicago Title denies that it is liable to Gumenick; however, in the event that Chicago Title is liable to Gumenick, Empire is liable to Chicago Title.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for compensatory damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## SECOND COUNT
(Conversion Against Empire)

11. Chicago Title repeats the allegations of paragraphs 1 through 10 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

12. Empire is vicariously liable under the doctrine of respondeat superior for the acts of conversion of the loan proceeds by Mr. Kohen.

13. While Chicago Title denies that it has any liability to Gumenick, in the event that Chicago Title is held liable, it will have suffered injury as a result of the conversion of the loan proceeds.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for compensatory damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

### THIRD COUNT
(Unjust Enrichment Against Empire)

14. Chicago Title repeats the allegations of paragraphs 1 through 13 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

15. Empire is vicariously liable for the acts of unjust enrichment committed by its employee, Mr. Kohen.

16. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, Chicago Title will have suffered injury as of Mr. Kohen's enrichment.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## FOURTH COUNT
(Indemnification and Contribution Against Empire)

17. Chicago Title repeats the allegations of paragraphs 1 through 16 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

18. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, then Empire is liable for indemnification and/or contribution.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

          RIKER DANZIG SCHERER HYLAND
              & PERRETTI LLP
          Attorneys for Third-Party Defendant/Fourth-Party Plaintiff Chicago Title Insurance Company


BY: _____/s/_____
      MICHAEL R. O'DONNELL

Dated: July 31, 2009

## CERTIFICATION OF NO OTHER ACTION

The within action is not the subject of any other action or arbitration proceeding nor is such action or arbitration proceeding contemplated, except that Chicago Title has commenced an action against, among others, Empire, Mr. Shapiro and Mr. Kohen relating to three separate mortgage loans entitled <u>Chicago Title Insurance Company v. Pearl Dwek, et al.</u>, United States Bankruptcy Court for the District of New Jersey, Adversary Proceeding No. 09-1425. Also, the Chapter 11 Trustee of the bankruptcy estate of Solomon Dwek has commenced an action entitled <u>Charles Stanziale, as Chapter 11 Trustee v. JP Morgan Chase Bank</u>, Adversary Proceeding No. 09-1309, seeking JPMorgan invalidate <u>inter alia</u>, the subject mortgage loan and JPMorgan Chase has asserted third-party claims against Messrs. Shapiro and Kohen relating to that loan. JP Morgan Chase has also asserted a claim against Chicago Title relating to a separate loan.

                                            RIKER DANZIG SCHERER HYLAND  
                                                  & PERRETTI LLP  
                                            Attorneys for Third-Party Defendant/Fourth-Party Plaintiff Chicago Title Insurance Company

                                            BY: _____/s/_____  
                                                    MICHAEL R. O'DONNELL

Dated: July 31, 2009  
3966293.1