DUPLICATE ORIGINAL



RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
500 Fifth Avenue, 49th Floor
New York, NY 10110
(212) 302-6574

Attorneys for Third-Party Defendant/Fourth-Party Plaintiff
Chicago Title Insurance Company

---

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. as purchaser of the loans and other assets of WASHINGTON MUTUAL BANK, formerly known as WASHINGTON MUTUAL BANK, FA from the FEDERAL DEPOSIT INSURANCE CORPORATION, acting as receiver for Washington Mutual Bank, FA and pursuant to its authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d),<br><br>Plaintiff,<br><br>vs.<br><br>LAW OFFICE OF ROBERT JAY GUMENICK, P.C. and ROBERT JAY GUMENICK,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>CIVIL ACTION NO.: 08-cv-2154 (VM)<br><br>HON. VICTOR MARRERO |
| LAW OFFICE OF ROBERT JAY GUMENICK, P.C. and ROBERT JAY GUMENICK,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>CHICAGO TITLE INSURANCE COMPANY, SUCCESSFUL TITLE AGENCY, LLC, JEROME SHAPIRO and JOSEPH KOHEN,<br><br>Third-Party Defendant. | AMENDED FOURTH-PARTY COMPLAINT OF THIRD-PARTY DEFENDANT CHICAGO TITLE INSURANCE COMPANY |

|   |
|---|
| CHICAGO TITLE INSURANCE COMPANY, <br><br> Fourth-Party Plaintiff, <br><br> vs. <br><br> EMPIRE EQUITY GROUP d/b/a 1st METROPOLITAN MORTGAGE <br><br> Fourth-Party Defendant. |

Fourth-party plaintiff Chicago Title Insurance Company ("Chicago Title"), by way of Fourth-Party Complaint against Empire Equity Group d/b/a 1st Metropolitan Mortgage, Inc. ("Empire") alleges as follows:

## PARTIES

1. Upon and information and belief, Empire is a New Jersey corporation with a principal place of business located at 25 Phillips Parkway, Montvale, New Jersey. Empire is a licensed mortgage broker.

2. Upon information and belief, Joseph Kohen resides in New Jersey and was, at all relevant times, an employee of Empire.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 *U.S.C.* §1367 as the claims asserted herein are so related to the claims asserted in plaintiff's action. Venue is properly laid in this judicial district based upon the place occurrence.

4. Third-party plaintiffs Robert Gumenick and the Law Offices of Robert Gumenick, P.C. (collectively, "Gumenick") have alleged that Chicago Title is liable for losses alleged by plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff") as a result of the alleged issuance of a "marked up title commitment" by Successful Title

2

Agency, Inc. ("Successful") in connection with the purported mortgage loan from Plaintiff's predecessor Washington Mutual Bank ("WaMu") to the purported borrower 1001 Norwood Avenue Associates allegedly secured by real property located at 1001 Norwood Avenue, Long Branch, New Jersey (the "1001 Norwood Loan").

5. Upon information and belief, Mr. Kohen acted as the mortgage broker in connection with the 1001 Norwood Loan.

6. Mr. Kohen was employed by Empire. Accordingly, Empire is liable for the actions of Mr. Kohen under the doctrine of respondeat superior. Further, upon information and belief, Empire was negligent in its hiring and supervision of Mr. Kohen.

7. Upon information and belief, Mr. Kohen had a corrupt business arrangement with Solomon Dwek. Mr. Dwek has been arrested for bank fraud. Mr. Kohen has also been indicted for bank fraud for assisting Mr. Dwek in his scheme. Mr. Dwek is presently a debtor in a bankruptcy proceeding styled In re Solomon Dwek, Case No.: 07-11757. The automatic stay prevents Mr. Dwek's joinder in this action.

8. As part of this corrupt business arrangement, Mr. Kohen arranged fraudulent loans for Mr. Dwek, entities with which Mr. Dwek was affiliated, and members of Mr. Dwek's family. During the course of his involvement with Mr. Dwek, Mr. Kohen would submit loan documents to a lender and arranged for a closing wherein the lender would wire the proceeds of the closing into an account controlled by Mr. Kohen, such as the attorney trust account of Jerome Shapiro. Mr. Shapiro had agreed to allow Mr. Kohen to deposit and withdraw funds from his attorney trust account. After lenders wired the loan proceeds into the account, Mr. Dwek and Mr. Kohen arranged to

have the funds transferred to one of Mr. Dwek's accounts rather than using the funds in accordance with the Lenders' closing instructions to, among other things, satisfy prior liens on the property that was the subject of the loan.

9. The 1001 Norwood Loan was one of the fictitious loans arranged by Mr. Kohen on behalf of Mr. Dwek.

10. Mr. Kohen forwarded numerous loan documents to WaMu in connection with the application of 1001 Norwood Avenue Associates for a mortgage loan in the amount of $1.8 million.

11. These loan documents represented that 1001 Norwood Associates either owned or would acquire the Norwood Property.

12. The loan documents further represented that proceeds of the loans would be used to satisfy two prior mortgages on the Norwood Property so that WaMu would receive a first mortgage on the Property.

13. In fact, the loan documents prepared by Mr. Kohen contained misrepresentations. Among other things, contrary to the loan documents, 1001 Norwood Avenue Associates had no intention of obtaining title to the Norwood Property.

14. Further, contrary to the loan documents, Mr. Kohen had no intention of using the loan proceeds to pay off the prior two mortgages on the Norwood Property. Instead, upon information and belief, the principal of 1001 Norwood Avenue Associates, Solomon Dwek, intended to create a sham mortgage transaction with the assistance of Mr. Kohen. As part of the transaction, WaMu would disburse the

4

proceeds of the $1.8 million mortgage loan but would not receive a valid mortgage loan.

15. Upon information and belief, Mr. Kohen knew that the mortgage loan documents that he sent to WaMu contained false representations concerning the acquisition of the Norwood Property and the satisfaction of prior mortgages.

16. Upon information and belief, in or about April 2006, Mr. Kohen appeared at the offices of Successful. He advised Successful, among other things, that Mr. Shapiro would act as closing attorney for the subject mortgage loan and asked Ms. Gerstetner to provide him with documents for the closing.

17. Contrary to Mr. Kohen's representations, Mr. Kohen had not retained Mr. Shapiro to perform the closing of the subject mortgage loan and Mr. Shapiro did not perform the closing.

18. Mr. Kohen knew that his representations about Mr. Shapiro performing the closing of the Norwood Loan were false.

19. Mr. Kohen made these false representations with the intent that Successful would rely upon them.

20. Upon information and belief, Successful relied upon Mr. Kohen's false representations about the closing by releasing loan documents to Mr. Kohen.

21. Third-party plaintiff Gumenick contends that Chicago Title is liable based upon the actions of Successful. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, then Chicago Title will have suffered a loss as a result of the fraudulent representations of Mr. Kohen and Empire's failure to properly supervise Mr. Kohen and its negligent hiring thereof.

## FIRST COUNT
(Negligence Against Empire)

22. Chicago Title repeats the allegations of paragraphs 1 through 22 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

23. Empire is liable under the doctrine of respondeat superior for the negligent actions of its employee, Mr. Kohen, in submitting false information to WaMu and Successful and mishandling the proceeds of the WaMu loan.

24. Empire was also negligent in its hiring of Mr. Kohen and its failure to properly supervise Mr. Kohen's actions.

25. Empire's negligent hiring and supervision of Mr. Kohen permitted Mr. Kohen to participate in the scheme concerning the 1001 Norwood Loan.

26. Third-party plaintiff Gumenick alleges that Chicago Title is liable to Gumenick in connection with the 1001 Norwood Loan. Chicago Title denies that it is liable to Gumenick; however, in the event that Chicago Title is liable to Gumenick, Empire is liable to Chicago Title.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for compensatory damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## SECOND COUNT
(Conversion Against Empire)

27. Chicago Title repeats the allegations of paragraphs 1 through 27 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

6

28. Empire is vicariously liable under the doctrine of respondeat superior for the acts of conversion of the loan proceeds by Mr. Kohen.

29. While Chicago Title denies that it has any liability to Gumenick, in the event that Chicago Title is held liable, it will have suffered injury as a result of the conversion of the loan proceeds.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for compensatory damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

### THIRD COUNT
(Unjust Enrichment Against Empire)

30. Chicago Title repeats the allegations of paragraphs 1 through 29 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

31. Empire is vicariously liable for the acts of unjust enrichment committed by its employee, Mr. Kohen.

32. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, Chicago Title will have suffered injury as of Mr. Kohen's enrichment.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

## FOURTH COUNT

(Indemnification and Contribution Against Empire)

33. Chicago Title repeats the allegations of paragraphs 1 through 32 of the Fourth-Party Complaint and incorporates same as if set forth at length herein.

34. While Chicago Title denies that it is liable to Gumenick, in the event that Chicago Title is held liable, then Empire is liable for indemnification and/or contribution.

WHEREFORE, Chicago Title Insurance Company demands judgment against Empire for damages in the amount of any liability of Chicago Title to Gumenick, for interest, costs of suit, including attorneys' fees and for such other relief as the Court deems just and proper.

RIKER DANZIG SCHERER HYLAND<br>
& PERRETTI LLP<br>
Attorneys for Third-Party Defendant/Fourth-Party Plaintiff Chicago Title Insurance Company<br>
<br>
BY: /s/<br>
MICHAEL R. O'DONNELL

Dated: July 31, 2009

## CERTIFICATION OF NO OTHER ACTION

The within action is not the subject of any other action or arbitration proceeding nor is such action or arbitration proceeding contemplated, except that Chicago Title has commenced an action against, among others, Empire, Mr. Shapiro and Mr. Kohen relating to three separate mortgage loans entitled <u>Chicago Title Insurance Company v. Pearl Dwek, et al.</u>, United States Bankruptcy Court for the District of New Jersey, Adversary Proceeding No. 09-1425. Also, the Chapter 11 Trustee of the bankruptcy estate of Solomon Dwek has commenced an action entitled <u>Charles Stanziale, as Chapter 11 Trustee v. JP Morgan Chase Bank</u>, Adversary Proceeding No. 09-1309, seeking JPMorgan invalidate, inter alia, the subject mortgage loan and JPMorgan Chase has asserted third-party claims against Messrs. Shapiro and Kohen relating to that loan. JP Morgan Chase has also asserted a claim against Chicago Title relating to a separate loan.

> RIKER DANZIG SCHERER HYLAND
> & PERRETTI LLP
> Attorneys for Third-Party Defendant/Fourth-Party Plaintiff Chicago Title Insurance Company
>
> BY: _____/s/_____
>       MICHAEL R. O'DONNELL

Dated: July 31, 2009

3978313.1

9