IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JP MORGAN CHASE BANK, N.A., as                          Civil Action
purchaser of the loans and other assets of
WASHINGTON MUTUAL BANK, formerly                        Case No.: 08CV02154 (VM)
known as WASHINGTON MUTUAL BANK,
FA from the FEDERAL DEPOSIT
INSURANCE CORPORATION, acting as
receiver for Washington Mutual Bank, FA and
pursuant to its authority under the Federal             **ANSWER TO**
Deposit Insurance Act, 12 U.S.C.§ 1821(d),              **THIRD AMENDED**
                                                        **COMPLAINT WITH**
             Plaintiff,                                 **JURY DEMAND**

      -against-

LAW OFFICE OF ROBERT JAY GUMENICK, P.C.
and ROBERT JAY GUMENICK, SUCCESSFUL
TITLE AGENCY, LLC, CHICAGO TITLE INSURANCE
COMPANY, JOSEPH KOHEN, JEROME SHAPIRO,
FIDELITY NATIONAL TITLE INSURANCE
COMPANY, and ASSOCIATED LAWYERS TITLE
SERVICES, INC.,

             Defendants.
-------------------------------------------------------------------X

Defendants, Law Office of Robert Jay Gumenick, P.C. and Robert Jay Gumenick (the "answering defendants"), by their attorneys The McDonough Law Firm, L.L.P., as and for their answer to the Third Amended Complaint, states as follows:

## THE PARTIES

1. Admit the allegations contained in paragraphs 2, 3, 9 and 10 of the third amended complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 5, 6, 7 and 8 of the third amended complaint.

3. The statements contained in paragraph 4 of the third amended complaint do not

require an answer.

## JURISDICTION AND VENUE

4. Admit the allegations contained in paragraphs 11 and 12 of the third amended complaint.

## FACTUAL BACKGROUND

5. Admit the allegations contained in paragraphs 13 and 14 of the third amended complaint.

## THE NORWOOD LOAN

6. Admit the allegations contained in paragraphs 18, 19, 20, 21, 22, 25, 28, 33, 35, 38, 39, 40, 43, 47 and 48 of the third amended complaint.

7. Admit the allegations contained in paragraph 15 of the third amended complaint, except as modified by the parties.

8. Deny allegations contained in paragraph 16 of the third amended complaint, except admit defendants duties are set forth in a master agreement to which the court is referred to for its true terms and import.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17, 34, 42, 44, 45 and 50 of the third amended complaint.

10. Deny allegations contained in paragraphs 23, 24, 26, 27, 29, 30, 31, 32, 36, 37 and 41 of the third amended complaint.

11. Admit allegations contained in paragraph 46 of the third amended complaint, that the mortgage was recorded by defendants Shapiro and Successful Title Agency, LLC.

12. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 49 of the third amended complaint, except admit that a marked-up title report was issued by the defendant Chicago Title Insurance Company.

13. Deny allegations contained in paragraph 51 of the third amended complaint, except admit that the fee was received by the defendant as a closing agent.

## THE HARTFORD LOAN

14. Admit the allegations contained in paragraphs 52, 56, 57, 59, 60, 63, 64, 68, 69 and 75 of the third amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 54, 61, 62, 67, 71, 72, 73 and 74 of the third amended complaint.

16. Deny allegations contained in paragraphs 55, 65, 66 and 70 of the third amended complaint.

17. Deny the allegations contained in paragraph 53 and 58 of the third amended complaint and respectfully refer all questions of law to this Court.

## FIRST COUNT
## LEGAL MALPRACTICE (NEGLIGENCE) NORWOOD LOAN

18. Defendants repeat their responses to paragraphs 1 through 75 as and for their answer to paragraph 76 of the third amended complaint, as if fully set forth herein.

19. Admit the allegations contained in paragraph 77 of the third amended complaint.

20. Deny allegations contained in paragraph 78 of the third amended complaint and respectfully refer all questions of law to the Court.

21. Deny the allegations contained in paragraphs 79, 80 and 81 of the third amended complaint.

3

## SECOND COUNT
## BREACH OF CONTRACT NORWOOD LOAN

22. Defendants repeat their responses to paragraphs 1 through 81 as and for their answer to paragraph 82 of the third amended complaint, as if fully set forth herein.

23. Admit the allegations contained in paragraphs 83 and 85 of the third amended complaint.

24. Deny the allegations contained in paragraphs 86 and 87 of the third amended complaint.

25. Deny allegations contained in paragraph 84 of the third amended complaint and respectfully refer all questions of law to the Court.

## THIRD COUNT
## BREACH OF FIDUCIARY DUTY NORWOOD LOAN

26. Defendants repeat their responses to paragraphs 1 through 87 as and for their answer to paragraph 88 of the third amended complaint, as if fully set forth herein.

27. Admit the allegations contained in paragraph 89 of the third amended complaint.

28. Deny allegations contained in paragraph 90 of the third amended complaint and respectfully refer all questions of law to the Court.

29. Deny the allegations contained in paragraphs 91, 92 and 93 of the third amended complaint.

## FOURTH COUNT
## LEGAL MALPRACTICE (NEGLIGENCE) HARTFORD LOAN

30. Defendants repeat their responses to paragraphs 1 through 93 as and for their answer to paragraph 94 of the third amended complaint, as if fully set forth herein.

31.   Admit the allegations contained in paragraph 95 of the third amended complaint.

32.   Deny the allegations contained in paragraph 96 of the third amended complaint and respectfully refer all questions of law to the Court.

33.   Deny the allegations contained in paragraphs 97, 98 and 99 of the third amended complaint.

## FIFTH COUNT
## BREACH OF CONTRACT HARTFORD LOAN

34.   Defendants repeat their responses to paragraphs 1 through 99 as and for their answer to paragraph 100 of the third amended complaint, as if fully set forth herein.

35.   Admit the allegations contained in paragraphs 101 and 103 of the third amended complaint.

36.   Deny allegations contained in paragraph 102 of the third amended complaint since paragraph 10 of the third amended complaint references venue issues.

37.   Deny the allegations contained in paragraphs 104 and 105 of the third amended complaint.

## SIXTH COUNT
## BREACH OF FIDUCIARY DUTY HARTFORD LOAN

38.   Defendants repeat their responses to paragraphs 1 through 105 as and for their answer to paragraph 106 of the third amended complaint, as if fully set forth herein.

39.   Admit the allegations contained in paragraph 107 of the third amended complaint.

40.   Deny the allegations contained in paragraph 108 of the third amended complaint and respectfully refer all questions of law to the Court.

41.   Deny the allegations contained in paragraphs 109, 110 and 111 of the third amended

5

complaint.

## SEVENTH COUNT
## JOSEPH KOHEN AND JEROME SHAPIRO

42.　Defendants repeat their responses to paragraphs 1 through 111 as and for their answer to paragraph 112 of the third amended complaint, as if fully set forth herein.

43.　Admit the allegations contained in paragraph 113 of the third amended complaint.

44.　Deny the allegations contained in paragraph 114 of the third amended complaint and respectfully refer all questions of law to the Court.

45.　No answer required with respect to the allegations contained in paragraph 115 of the third amended complaint.

## EIGHTH COUNT
## SUCCESSFUL TITLE AND CHICAGO TITLE

46.　Defendants repeat their responses to paragraphs 1 through 115 as and for their answer to paragraph 116 of the third amended complaint, as if fully set forth herein.

47.　Admit the allegations contained in paragraph 117 of the third amended complaint.

48.　Deny the allegations contained in paragraph 118 of the third amended complaint and respectfully refer all questions of law to the Court.

49.　No answer required with respect to the allegations contained in paragraphs 119 and 120 of the third amended complaint.

## NINTH COUNT
## DECLARATION OF MORTGAGEE'S
## INSURANCE COVERAGE - FIDELITY AND ALTS

50.　Defendants repeat their responses to paragraphs 1 through 120 as and for their answer to paragraph 121 of the third amended complaint, as if fully set forth herein.

51. Admit the allegations contained in paragraphs 122, 124 and 125 of the third amended complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the third amended complaint.

## TENTH COUNT
## NEGLIGENCE-FIDELITY AND ALTS

53. Defendants repeat their responses to paragraphs 1 through 125 as and for their answer to paragraph 126 of the third amended complaint, as if fully set forth herein.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 127, 128, 129, 130, 131 and 132 of the third amended complaint.

## ELEVENTH COUNT
## BREACH OF CONTRACT - FIDELITY AND ALTS

55. Defendants repeat their responses to paragraphs 1 through 132 as and for their answer to paragraph 133 of the third amended complaint, as if fully set forth herein.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 134, 135, 136, 137, 138 and 139 of the third amended complaint.

## FIRST AFFIRMATIVE DEFENSE

57. Plaintiff's third amended complaint fails to a state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

58. This action is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

59. The injuries and damages, if any, allegedly sustained by the plaintiffs, were caused

or contributed to, in whole or in part, by the culpable conduct on the part of third party or some other third party or parties not then and there in the control of the answering defendants, without any fault or negligence on the part of the defendant contributing thereto.

60. By reason of the foregoing, the amount of any damages otherwise recoverable by plaintiffs should be diminished or denied in proportion to such culpable conduct attributable to plaintiff or some third-party.

## FOURTH AFFIRMATIVE DEFENSE

61. To the extent that the answering defendants had any contact with the plaintiffs, the legal judgment and decision exercised and reached by the answering defendants on behalf of the plaintiffs are not actionable and is covered by the doctrine of professional judgment immunity.

## FIFTH AFFIRMATIVE DEFENSE

62. The plaintiff, J.P. Morgan Chase Bank, N.A., is not the real party in interest and its not the owner of the Hartford Loan.

63. Pursuant to the terms and condition of a Purchase and Assumption Agreement between the Federal Deposit Insurance Corporation as receiver of Washington Mutual and J.P. Morgan Chase Bank, N.A. dated September 25, 2008, J.P. Morgan Chase acquired certain of the assets, including loans and all loan commitments of Washington Mutual. J.P. Morgan Chase Bank did not acquire the claim against the answering defendants.

64. In point of fact, paragraph 3.5 of the Purchase Agreement provides as follows:

> **Assets Not Purchased by Assuming Bank**. The Assuming Bank does not purchase, acquire or assume, or (except as otherwise expressly provided in this Agreement) obtain an option to purchase, acquire or assume under this Agreement the assets or Assets listed on the attached Schedule 3.5.

65. Schedule 3.5 Certain Assets Not Purchased provides as follows:

> (2) any interest, right, action, claim, or judgment against (I) any officer, director, employee, <u>accountant</u>, <u>attorney</u>, or any other Person employed or retained by the Failed Bank or any Subsidiary of the Failed Bank on or prior to Bank Closing arising out of any act or omission of such Person in such capacity, (ii) any underwriter of financial institution bonds, banker's blanket bonds or any other insurance policy of the Failed Bank, (iii) any shareholder or holding company of the Failed Bank, or (iv) any other Person whose action or inaction may be related to any loss (exclusive of any loss resulting from such Person's failure to pay on a Loan made by the Filed Bank) incurred by the Failed Bank; provided that for the purposes hereof, the acts, omissions or other events giving rise to any such claim shall have occurred on or before Bank Closing, regardless of when any such claim is discovered and regardless of whether any such claim is made with respect to a financial institution bond, banker's blanket bond, or any other insurance policy of the Failed Bank in force as of Bank Closing.

66. As a result of the foregoing, the plaintiff J.P. Morgan Chase Bank, N.A., is not the real party in interest with respect to the Hartford loan and its not the owner of the claim against the answering defendants.

## SIXTH AFFIRMATIVE DEFENSE

67. With respect to the Hartford Loan, J.P. Morgan Chase Bank, N.A. does not have any claim in attorney malpractice against the defendants. Its predecessor Washington Mutual Bank suffered no loss in connection with the mortgage transaction.

68. Any losses allegedly sustained by the plaintiff JP. Morgan Chase Bank, N.A. for its own account was a result of its negligence in purchasing the mortgage and any damages sustained was not the fault of the negligence of the Gumenick defendants.

69. There was no attorney-client relationship between the Gumenick defendants and J.P. Morgan Chase Bank, N.A. in connection with its purchase of the Hartford Loan from the Federal

Deposit Insurance Corporation as the receiver of Washington Mutual Bank.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE**, defendant hereby demands trial by jury of all issues raised in this matter.

**WHEREFORE**, answering defendants, demand judgment dismissing the third amended complaint, together with the costs and disbursements of this action.

Dated: Westchester, New York
February 16, 2010

Respectfully submitted,

The McDonough Law Firm, LLP

By:    Eli S. Cohn   /s/
     Eli S. Cohn (EC 8890)
Attorneys for Defendants
145 Huguenot Street
New Rochelle, New York 10801
(914) 632-4700

To:
**Attorneys for Plaintiffs:**
Stephen M. Packman, Esq.
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ 08033
Phone: 856.795.2121
Fax: 856.673.7078

**Attorneys for Third-party defendant/fourth-party plaintiff:**
Harold L. Kofman, Esq.
Riker Danzig Scherer Hyland Perretti, LLP
One Speedwell Avenue
Morristown, NJ 07962-1981
Phone: 973.451.8452
Fax: 973.538.1984

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK           )
COUNTY OF WESTCHESTER  )ss.:

**PILAR ORTIZ**, being duly sworn, deposes and says

that deponent is not a party to the action, is over 18 years of age and resides in Bronx, New York 10469. That on the 16th day of February 2010, deponent served the within **ANSWER TO THIRD AMENDED COMPLAINT WITH JURY DEMAND** via First Class Mail upon:

**Attorney for Plaintiffs:**
Stephen M. Packman, Esq.
Archer & Greiner, PC
One Centennial Square
Haddonfield, NJ 08033

**Attorneys for Third-party defendant/fourth-party plaintiff:**
Harold L. Kofman, Esq.
Riker Danzig Scherer Hyland Perretti, LLP
One Speedwell Avenue
Morristown, NJ 07962-1981

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository box under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
**PILAR ORTIZ**

Sworn to before me this
16th day of February 2010

_____
Notary Public

BARBARA A. SANTUCCI
Notary Public, State of New York
No. 01SA6205104
Qualified in Westchester County
Commission Expires 05/04/20__